IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WHITE & CASE LLP,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

No. 03-2800C
(Judge Wolski)

**PLAINTIFF'S RESPONSE TO THE DECLARATIONS OF BRUCE INGALLS, JOSEPH HERTZ, AND YVONNE HAGANS**

WHITE & CASE LLP

Lucius B. Lau
701 Thirteenth St., N.W.
Washington, D.C. 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to White & Case LLP*

March 21, 2008

# TABLE OF CONTENTS

Page

INTRODUCTION .......... 1

BACKGROUND .......... 2

I. The Declarations Filed By The Government .......... 2

II. The United States' Enforcement Proceedings Against Shih-Ming Shiue and I-Hwa Shiue .......... 3

A. Facts Pertaining To Shih-Ming Shiue .......... 3

B. Facts Pertaining To I-Hwa Shiue .......... 5

ARGUMENT .......... 6

I. The Court Is Permitted To Grant Summary Judgment *Sua Sponte* .......... 6

II. The Court Should Grant Summary Judgment And Award $287,500 To White & Case .......... 7

III. The Court Should Defer Ruling On The Remaining Counts Of The Complaint Until The Government Makes Further Collections .......... 11

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**CASES** **Page**

*C.D. Hayes, Inc. v. United States*,
74 Fed. Cl. 699 (2006) .......... 7

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......... 6, 7

*Fluor Enterprises, Inc. v. United States*,
64 Fed. Cl. 471 (2005) .......... 7

*White & Case v. United States*,
67 Fed. Cl. 164 (2005) .......... 10

**STATUTES**

18 U.S.C. § 2 .......... 3

18 U.S.C. § 201 .......... 3

18 U.S.C. § 371 .......... 3

18 U.S.C. § 542 .......... 3, 5, 6, 8, 9

18 U.S.C. § 592 .......... 5

18 U.S.C. § 982 .......... 4, 9

19 U.S.C. § 1619 .......... 1, 6, 10

21 U.S.C. § 853 .......... 4, 6

Fed. R. Crim. P. 11 .......... 5

Fed. R. Crim. P. 32.2 .......... 4, 6

## INTRODUCTION

Pending before the Court is a motion for partial summary judgment filed by White & Case LLP ("White & Case") and a renewed motion to dismiss filed by the government. By its motion, White & Case seeks a ruling from the Court that the information it provided the government concerning customs fraud in the brake rotor industry constitutes 98 separate "cases" within the meaning of 19 U.S.C. § 1619. By its motion, the government asserts that White & Case has failed to state a claim upon which relief can be granted.

The Court heard oral argument on these motions on June 28, 2006. Since that time, the Court has periodically ordered the government to provide declarations specifying its collection activity concerning its brake rotors investigation.

On February 4, 2008, the government filed its latest series of declarations in response to the Court's order. These declarations reveal that the government has collected two separate monetary forfeitures of $575,000 in its brake rotors investigation, for a total of $1.15 million. Although not identified by the government, White & Case has determined that these forfeitures occurred in *United States v. I-Hwa Shiue*, No. 03-cr-01107 (N.D. Ill.), and *United States v. Shih-Ming Shiue*, Crim. No. 05-10021-NMG (D. Mass.), two criminal cases involving the customs fraud uncovered by White & Case. Indeed, 14 of the entries at issue in these cases match entries identified by White & Case in its complaint.

As we will demonstrate, this case is now ripe for a moiety award in the amount of 25 percent of the forfeited monies collected in *I-Hwa Shiue* and *Shih-Ming Shiue* — specifically, $287,500. As a result, the Court should enter summary judgment in favor of White & Case and award it $287,500 as informant's compensation with respect to Counts 9, 15, 16, 17, 70, 71, 72, 73, 76, 79, 80, 81, 82, and 84 of the Complaint.

## BACKGROUND

### I. The Declarations Filed By The Government

On February 4, 2008, in response to this Court's order, the government filed three declarations.

In his declaration, Bruce W. Ingalls indicates that his office is responsible for processing the collection of duty bills. Attached to his declaration is a spreadsheet that "includes amounts collected as duties or interest thereon, but not any amounts collected as liquidated damages, fines, penalties or forfeitures related to the listed entries." Ingalls Decl. ¶ 3.

The second declarant, Joseph N. Hirtz, is the National Antidumping and Countervailing Duty Program Manager of the Commercial Fraud Investigations and Intellectual Property Right Center Unit, Office of Investigations, U.S. Immigration and Customs Enforcement. Attached to his declaration is a spreadsheet that identifies the government's enforcement proceedings associated with its brake rotors investigation. Mr. Hirtz states as follows:

> To the best of my knowledge and belief, as evidenced in the attached spreadsheet, there has been one criminal plea agreement/sentencing that has resulted in a $575,000 forfeiture of funds or collection of fines related to antidumping cases involving Chinese manufactured brake rotors. The collected funds were turned over to CBP FP&F for deposit within the forfeiture fund. On January 30, 2008, a second judicial criminal sentencing action is scheduled with $575,000 forfeiture anticipated; any collected funds will be turned over to CBP for deposit into the forfeiture fund. At this time the investigation of antidumping violations from China by ICE continues to be an ongoing enforcement action.

Hirtz Decl. ¶ 5.

The final declarant, Yvonne Hagans, is the Chief of the Commercial Seizures & Penalties Branch, Commercial Enforcement Policy Division, Commercial Targeting and Enforcement, Office of International Trade, with U.S. Customs and Border Protection. Ms. Hagans states as follows:

> I am aware of $575,000.00 that is related to a criminal case in Chicago. The money is currently in a suspense account pending the entry of a final order of forfeiture from the court with jurisdiction over the matter. The money cannot be moved from the suspense account until the final order of forfeiture is entered by the court.

Hagans Decl. ¶ 7.

## II. The United States' Enforcement Proceedings Against Shih-Ming Shiue and I-Hwa Shiue

On November 20, 2003, Shih-Ming Shiue and his sister, I-Hwa Shiue, were indicted in the United States District Court for the Northern District of Illinois and charged with violations of 18 U.S.C. § 371, 18 U.S.C. § 2, 18 U.S.C. § 201(b)(1), and 18 U.S.C. § 542. Lau Decl., Ex. 1. In particular, the defendants were charged with "entering and introducing and attempting to enter and introduce into the commerce of the United States certain brake rotors imported from the People's Republic of China, by means of invoices and bills of lading that defendants knew to be fraudulent and false, in violation of Title 18, United States Code, Section 542." *Id.* ¶ 2.

### A. Facts Pertaining To Shih-Ming Shiue

On January 11, 2005, Shih-Ming Shiue indicated that he wished to plead guilty to the charged offenses and consented to the disposition of his case in Massachusetts, where he resides. Lau Decl., Ex. 2. As a result, his case was transferred to the United States District Court for the District of Massachusetts. A complete copy of the docket entries for the Northern District of Illinois proceedings involving Mr. Shiue is found at Ex. 3 to the Lau Declaration; a complete copy of the docket entries for the District of Massachusetts proceedings involving Mr. Shiue is found at Ex. 4 to the Lau Declaration.

On January 30, 2008, the Massachusetts district court entered a final order of forfeiture that summarized the pertinent proceedings involving Mr. Shiue. As indicated in that order:

> WHEREAS, on October 28, 2005, the Defendant pleaded guilty to Counts One through Ten of the Indictment pursuant to a written plea agreement;
>
> WHEREAS, [D]efendant admitted in his plea agreement that $5,065,000.00 constituted, or was derived from, the proceeds of his unlawful activity, and consented to the forfeiture of $5,065,000.00;
>
> WHEREAS, on February 13, 2006, this Court endorsed in an in personam Money Judgment against the Defendant, in the amount of $5,065,000.00, and a Preliminary Order of Forfeiture against the Defendant's only known asset, the real property located at 41 Fairbanks Road, Lexington, Massachusetts (the "Real Property"); and
>
> WHEREAS, the Defendant and the United States subsequently reached an agreement whereby, on January 4, 2008, the Defendant delivered to the United States Attorney's Office a cashier's check in the amount of $575,000.00 (the "Currency"), made payable to the U.S. Immigration and Customs Enforcement;
>
> WHEREAS, the Defendant consents to the forfeiture of all of his interests in the Currency to the United States; and
>
> WHEREAS, the United States has agreed that it will not undertake any civil or criminal forfeiture action against property other than the Currency, based on the crimes charged in the Indictment.

Lau Decl., Ex. 5. The district court then stated that (a) "[t]he U.S. Immigration and Customs Enforcement shall take custody of the Currency, and shall dispose of it according to law and this Order"; (b) "pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's admissions in the plea agreement, that the United States has established the requisite nexus between the Currency to be forfeited and the offenses to which the Defendant pled guilty"; and (c) "the Currency is hereby forfeited to the United States for disposition, pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982." *Id.*

On January 28, 2008, Mr. Shiue filed a sentencing memorandum with the Court "in support of his request that the Court impose a sentence of three-years probation with a condition

of 10 months' home confinement." Lau Decl., Ex. 6 at 1. Attached as Exhibit B to the sentencing memorandum "is a spreadsheet listing all of the entries of brake rotors by the Shiues' businesses during this time period involving false invoices." *Id.* at 12.

On February 11, 2008, the court entered judgment with respect to Mr. Shiue. Pursuant to Mr. Shiue's guilty plea, the court convicted him of several offenses, including violations of 18 U.S.C. § 542 (entry of goods by means of false statements). Lau Decl., Ex. 7. The court imposed a sentence of imprisonment for one year and a day, two years probation, and restitution of $575,000.00 (which, the court noted, "has been paid in full"). *Id.* at 6.

**B. Facts Pertaining To I-Hwa Shiue**

On October 2, 2007, Ms. Shiue filed a sentencing memorandum with the Court "in support of her request for a sentence of probation with conditions, and no fine or restitution." Lau Decl., Ex. 8 at 1. Attached as Exhibit H to the sentencing memorandum "is a spreadsheet listing all of the entries of brake rotors by the Shiues' businesses during this time period involving false invoices." *Id.* at 21.

On October 9, 2007, the court entered judgment with respect to Ms. Shiue. Pursuant to Ms. Shiue's guilty plea, the court convicted her of violating 18 U.S.C. § 592 (entry of goods by means of false statements). Lau Decl., Ex. 9. The court imposed a sentence of one year of home detention, five years probation, and restitution of $575,000.00 (as set forth in the court's preliminary order of forfeiture).

On February 25, 2008, the Illinois district court entered a final order of forfeiture that summarized the pertinent proceedings with respect to Ms. Shiue. As indicated in that order:

> (c) On April 19, 2006, pursuant to Fed R. Crim. P. 11, defendant I-HWA SHIUE entered a voluntary plea of guilty to Count Two of the indictment;

> (d) Pursuant to the terms of the plea agreement and as a result of her violation of 18 U.S.C. § 542, defendant I-HWA SHIUE agreed that certain property, namely funds in the amount of $5,065,000, is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 982;
>
> (e) Since the entry of the plea agreement, defendant I-HWA SHIUE and the United States have agreed that the forfeiture judgment shall be satisfied with a lump sum payment of $575,000 in full satisfaction of any forfeiture claim by the United States against I-HWA SHIUE arising out of the charges in this indictment. Additionally, defendant I-HWA SHIUE agreed to satisfy the judgment with funds not subject to claim by any third party.

Lau Decl., Ex. 10. The district court then stated:

> 1. That, pursuant to the provisions of 18 U.S.C. § 982(a)(2) and Fed. R. Crim. P. 32.2, all right, title and interest of defendant I-HWA SHIUE and any third party in funds in the amount of $575,000 is hereby forfeit to the United States for disposition according to law;
>
> 2. That, pursuant to the provisions of 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 982(b)(1), following entry of this final order of forfeiture, the United States shall have clear title to the foregoing property, and shall dispose of the property according to law;

*Id.* at 2-3.

A complete copy of the docket entries for the Northern District of Illinois proceedings involving Ms. Shiue is found at Ex. 11 to the Lau Declaration

## ARGUMENT

### I. The Court Is Permitted To Grant Summary Judgment *Sua Sponte*

Pursuant to the Federal Rules of Civil Procedure, district courts are authorized to render summary judgment *sua sponte*. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*.").

The only constraint on this practice is that the losing party be put "on notice that she had to come forward with all of her evidence." *Id.*

Consistent with the principles outlined in *Celotex*, the Court of Federal Claims has construed its own rules as permitting summary judgment *sua sponte*. *See C.D. Hayes, Inc. v. United States*, 74 Fed. Cl. 699, 709 (2006) ("In this case, in a May 31, 2006 order, the court provided the parties notice of the court's intent to consider the law of the case doctrine in ruling on defendant's instant motion, and directed supplemental briefing on the issue, which as completed on August 30, 2006. Accordingly, the court can properly grant summary judgment in defendant's favor on plaintiff's second and sixth causes of action based on law of the case."); *Fluor Enterprises, Inc. v. United States*, 64 Fed. Cl. 461, 471 (2005) ("In light of that opportunity to provide supplemental briefing, and given the relevant undisputed facts of this case, it is appropriate for the court to raise the issues of contract validity and legality *sua sponte* at this stage of the proceedings.").

Thus, the Court is entitled to grant summary judgment *sua sponte* in favor of White & Case, provided that it affords the government an opportunity to respond to the arguments raised in this brief.

## II. The Court Should Grant Summary Judgment And Award $287,500 To White & Case

In relevant part, the statute provides that (1) if a person furnishes to the United States "original information" concerning any fraud upon the customs revenue or any violation of the customs law; (2) such information leads to a recovery of any duties withheld, or any fine, penalty, or forfeiture of property incurred; then (3) the Secretary of the Treasury may award and pay such person an amount that does not exceed 25 percent of the net amount so recovered; provided that (4) the amount award and paid to any person under this section may not exceed

$250,000 "for any case." 19 U.S.C. § 1619. These criteria have been met with respect to Counts 9, 15, 16, 17, 70, 71, 72, 73, 76, 79, 80, 81, 82, and 84 of the Complaint.

***First***, U.S. Customs and Border Protection ("CBP") has admitted that White & Case provided the United States with "original information" concerning fraud upon the customs revenue and violations of the customs law. *See* Lau Decl., Ex. 12 (Opinion Concerning Number Of Moiety Cases Involved In White & Case's Moiety Claim, dated Nov. 14, 2005) ("Thus, White & Case's original information led to the triggering of the five-port investigation."); *see also id.* at 5 ("I find that White & Case provided original information to the agency involving a scheme to circumvent antidumping laws covering Chinese brake rotors that resulted in a five-port investigation.").

***Second***, the original information provided by White & Case has led to the forfeiture of $1.15 million. As stated by Mr. Hirtz in his declaration, "there has been one criminal plea agreement/sentencing that has resulted in a $575,000 forfeiture of funds or collection of fines related to antidumping cases involving Chinese manufactured brake rotors." Hertz Decl. ¶ 5. Mr. Hirtz also states that, "[o]n Janaury 30, 2008, a second judicial criminal sentencing action is scheduled with $575,000 forfeiture anticipated . . . ." *Id.*

The $1.15 million in forfeitures described by Mr. Hirtz are associated with criminal proceedings commenced by the United States against Shih-Ming Shiue and I-Hwa Shiue. Shih-Ming Shiue and I-Hwa Shiue have both pleaded guilty to violations of 18 U.S.C. § 542 with respect to their importation of brake rotors from the People's Republic of China. *See* Lau Decl., Ex. 1 ¶ 2 (Indictment, Count Two) ("SHIH-MING SHIUE and I-HWA SHIUE, defendants herein, did enter and introduce and attempt to enter and introduce into commerce of the United States certain brake rotors imported from the People's Republic of China, by means of an invoice

and a bill of lading defendants knew to be fraudulent and false . . . [i]n violation of Title 18, United States Code, Sections 542 . . . ."); Lau Decl., Ex. 7 (judgment concerning Shih-Ming Shiue, noting that he pleaded guilty to Counts 1 though 10 of the Indictment); *id.*, Ex. 9 (judgment for I-Hwa Shiue, noting that she pleaded guilty to Count 2 of the Indictment).

As a result of his conviction, Shih-Ming Shiue has forfeited $575,000 to the United States. *See* Lau Decl., Ex. 5 (noting that Shih-Ming Shiue "admitted in his plea agreement that $5,065,000.00 constituted, or was derived from, the proceeds of his unlawful activity, and consented to the forfeiture of $5,065,000.00" and that "the Defendant and the United States subsequently reached an agreement whereby, on January 4, 2008, the Defendant delivered to the United States Attorney's Office a cashier's check in the amount of $575,000.00 (the 'Currency'), made payable to the United States Immigration and Customs Enforcement.").

Similarly, as a result of her conviction, I-Hwa Shiue has agreed to forfeit $575,000 to the United States. As indicated in the February 25, 2008 final order of forfeiture, "[p]ursuant to the terms of the plea agreement and as a result of her violations of 18 U.S.C. § 542, defendant I-HWA SHIUE agreed that certain property, namely funds in the amount of $5,065,000, is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 982." Lau Decl., Ex. 10. The final order of forfeiture also states that, "[s]ince the entry of the plea agreement, defendant I-HWA and the United States have agreed that the forfeiture judgment shall be satisfied with a lump sum payment of $575,000 in full satisfaction of any forfeiture claim by the United States against I-HWA Shiue arising out of the charges in this indictment." *Id.*

Critically, there is a direct link between the customs fraud committed by Shih-Ming Shiue and I-Hwa Shiue and the original information provided by White & Case. Both defendants filed sentencing memoranda with their respective courts. Attached to each of these

memoranda was "a spreadsheet listing all of the entries of brake rotors by the Shiues' businesses during this time period involving false invoices." Lau Decl., Ex. 6 at 12, Ex. 8 at 21. As detailed in Exhibit 13 to the Lau Declaration, fourteen of the entries identified in the Shiues' spreadsheets correspond to entries identified in fourteen Counts of the Complaint. For example, line 311 of the Shiues' spreadsheets (Entry Number 27401089977) corresponds to Count 9 of the Complaint (Entry Number 27401089977). Line 290 of the Shiues' spreadsheets (Entry Number DO201520569) corresponds to Count 15 of the Complaint (Entry Number DO201520569).

***Third***, the Court should direct the Secretary of the Treasury to award and pay White & Case 25 percent of the net amount recovered from the Shiues. "Although on its face 19 U.S.C. § 1619 would appear to be discretionary and, therefore, not money-mandating, the Federal Circuit has determined that the word 'may' as it is used in the statute 'has long been understood to mandate the payment of an award.'" *White & Case v. United States*, 67 Fed. Cl. 164, 168 (2005) (citations omitted). Thus, because White & Case provided the government with original information concerning fraud upon the customs revenue and violations of the customs laws that lead to a forfeiture of property, it is entitled to an award under the statute. Previously, the Court has recognized that the statute confers upon the government a measure of discretion to determine the amount of an award and that such "discretion is given to Customs to adopt an appropriate policy to further the goals of the statute." *Id.* at 174. "If no such policy exists, then the Court will follow the twenty-five percent figure in the statute." *Id.* In its November 15, 2005 administrative determination, CBP did not identify any policy explaining why it would deviate from the 25 percent figure listed in the statute. Thus, the Court should award White & Case the full 25 percent of the forfeited property (*i.e.*, 25 percent of $1.15 million, or $287,500).

***Fourth***, the uncontested factual record and governing precedent reveal that White & Case provided information to the government that consists of 98 separate "cases" within the meaning of the moiety statute. *See generally* Plaintiff's Memorandum and Reply Memorandum in Support of its Motion for Partial Summary Judgment Regarding the Number of Cases Involved in its Moiety Applications. When the $1.5 million in forfeitures is allocated among the 14 cases at issue here, the per-entry forfeiture is $82,142.86. Thus, the $250,000 statutory cap "for any case" is not implicated.

## III. The Court Should Defer Ruling On The Remaining Counts Of The Complaint Until The Government Makes Further Collections

The spreadsheet attached to the declaration of Bruce Ingalls indicates that $107,673.49 in duties and interest has been collected with respect to the entries associated with certain counts of the Complaint. The declaration of Joseph Hirtz indicates that, aside from the two enforcement actions involving Shih-Ming Shiue and I-Hwa Shih, there are two other enforcement actions that are currently pending. The government's declarants do not state whether any of the entries for which duties have been collected are also subject to one of its enforcement actions. Thus, it is not possible to determine the "net worth so recovered" for the remaining entries identified in the Complaint. For this reason, the Court should deter ruling on the remaining counts of the Complaint until the government makes further collections.

* * *

## CONCLUSION

For these reasons, the Court should enter partial summary judgment for White & Case and award it $287,500 as informant's compensation with respect to Counts 9, 15, 16, 17, 70, 71, 72, 73, 76, 79, 80, 81, 82, and 84 of the Complaint.

Dated: March 21, 2008

Respectfully submitted,

WHITE & CASE LLP

By: ____________________

Lucius B. Lau
701 Thirteenth St., N.W.
Washington, D.C. 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to White & Case LLP*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of "PLAINTIFF'S RESPONSE TO THE DECLARATIONS OF BRUCE INGALLS, JOSEPH HERTZ, AND YVONNE HAGANS" was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Lucius B. Lau