# Exhibit 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHIH-MING SHIUE,<br>Defendant. | ) | CRIMINAL NO. 05-10021-NMG |

**FINAL ORDER OF FORFEITURE**

**GORTON, D.J.**

WHEREAS, on November 20, 2003, a federal grand jury sitting in the Northern District of Illinois returned a ten-count Indictment charging defendants Shih-Ming Shiue (the "Defendant"), and I-Hwa Shiue, with Conspiracy to Commit Offense or to Defraud United States, in violation of 18 U.S.C. §§ 371 and 2 (Count One); Entry of Goods by Means of False Statements, in violation of 18 U.S.C. §§ 542 and 2 (Counts Two through Seven, Nine and Ten); and Bribery of Public Officials and Witnesses, in violation of 18 U.S.C. §§ 201(b)(1) and 2 (Count Eight);

WHEREAS, the Indictment also contained a Criminal Forfeiture Allegation, which, as a result of the Defendant committing one or more of the offenses alleged in Counts One through Seven, Nine and Ten of the Indictment, sought the forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(B), of any property that constitutes, or is derived from, to proceeds obtained, directly or indirectly, from the charged offenses, specifically including, but not limited to approximately $29,000,000.00;

WHEREAS, the Criminal Forfeiture Allegation of the Indictment also provided that, if the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property of the Defendant, under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1);

WHEREAS, on February 1, 2005, this case was transferred from the Northern District of Illinois to the District of Massachusetts;

WHEREAS, on October 28, 2005, the Defendant pleaded guilty to Counts One through Ten of the Indictment pursuant to a written plea agreement;

WHEREAS, defendant admitted in his plea agreement that $5,065,000.00 constituted, or was derived from, the proceeds of his unlawful activity, and consented to the forfeiture of $5,065,000.00;

WHEREAS, on February 13, 2006, this Court endorsed an _in personam_ Money Judgment against the Defendant, in the amount of $5,065,000.00, and a Preliminary Order of Forfeiture against the

Defendant's only known asset, the real property located at 41 Fairbanks Road, Lexington, Massachusetts (the "Real Property"); and

WHEREAS, the Defendant and the United States subsequently reached an agreement whereby, on January 4, 2008, the Defendant delivered to the United States Attorney's Office a cashier's check in the amount of $575,000.00 (the "Currency"), made payable to the U.S. Immigration and Customs Enforcement;

WHEREAS, the Defendant consents to the forfeiture of all of his interests in the Currency to the United States; and

WHEREAS, the United States has agreed that it will not undertake any civil or criminal forfeiture action against property other than the Currency, based on the crimes charged in the Indictment.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Joint Motion for Final Order of Forfeiture is allowed.

2. The U.S. Immigration and Customs Enforcement shall take custody of the Currency, and shall dispose of it according to law and this Order.

3. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's admissions in the plea agreement, that the United

States has established the requisite nexus between the Currency to be forfeited and the offenses to which the Defendant pled guilty.

4. Accordingly, the Currency is hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982.

5. Pursuant to Rule 32.2(b)(3), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

DONE AND ORDERED in Boston, Massachusetts, this 30th day of Jan., 2008.

Nathaniel M. Gorton

NATHANIEL M. GORTON
United States District Judge