No. 03-2800C
(Judge Wolski)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

WHITE & CASE LLP,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A RESPONSE TO THE DECLARATIONS OF BRUCE INGALLS, JOSEPH HIRTZ, AND YVONNE HAGANS

---

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. MCCARTHY
Assistant Director

SEAN DUNN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

April 7, 2008

Attorneys For Defendant

# TABLE OF CONTENTS

**PAGE(S)**

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A RESPONSE TO THE DECLARATIONS OF BRUCE INGALLS, JOSEPH HIRTZ, AND YVONNE HAGANS. .......... 1

STATEMENT OF THE ISSUES.......... 2

STATEMENT OF THE FACTS. .......... 3

ARGUMENT.......... 4

I. Plaintiff's Proposed Motion For The Court To Grant Summary Judgment On The Court's Motion Is Not Ripe For Review Because All Elements For A Moiety Decision Are Not Present.......... 4

II. White & Case Is Not Automatically Entitled To 25 Percent Of The Government's Recoveries.......... 7

III. At Most, White & Case Is Entitled To $250,000 Because Its Moiety Claims Encompass One Case .......... 8

CONCLUSION.......... 11

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

Abbott Laboratories v. Gardner,
387 U.S. 136 (1967). .......... 5

Califano v. Sanders,
430 U.S. 99 (1977). .......... 5

Citizens to Preserve Overton Park v. Volpe,
401 U.S. 402 (1971). .......... 11

Cornman v. United States,
409 F.2d 230 (Ct. Cl. 1969). .......... 8, 9, 10

Cube Corp. v. United States,
46 Fed. Cl. 368 (2000). .......... 11

Doe v. United States,
100 F.3d 1576 (Fed. Cir. 1996). .......... 5, 11

Federal Trade Comm'n v. Standard Oil Co.,
449 U.S. 232 (1980). .......... 5

Freed v. United States,
34 Fed. Cl. 715 (1996). .......... 2, 7

Lacy v. United States,
607 F.2d 951 (1979). .......... 2, 8, 10

Toilet Goods Ass'n, Inc. v. Gardner,
387 U.S. 158 (1967). .......... 4

Tyson v. United States,
32 F. Supp. 135 (Ct. Cl. 1940). .......... 8

U.S. Ass'n of Importers of Textiles and Apparel v. Department of Commerce,
413 F.3d 1344 (Fed. Cir. 2005). .......... 5

## STATUTES

19 C.F.R. § 161.16(a)........................................................................................................ 2, 7

19 U.S.C. § 1592.............................................................................................................. 9, 10

19 U.S.C. § 1619............................................................................................................ passim

H.R. Rep. No. 794, 99th Cong., 2d Sess. 16-17 (1986)................................................................... 7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITE & CASE LLP, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2800C<br>(Judge Wolski) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A RESPONSE TO THE DECLARATIONS OF BRUCE INGALLS, JOSEPH HIRTZ, AND YVONNE HAGANS**

The United States, respectfully submits this opposition to White & Case's motion for leave to file a response to the declarations of Bruce Ingalls, Joseph Hirtz, and Yvonne Hagans. Rather than requesting the Court to rule upon its pending motion for partial summary judgment relating to the alleged number of cases involved in its moiety claims, White & Case requests that the Court grant summary judgment upon the Court's own motion rather than that of White & Case. White & Case fails to explain why it is disabled from asking the Court to rule upon its pending motion, or from filing an amended or restated motion for summary judgment.

In addition, White & Case's peculiar motion is unripe because – as the recently-filed declarations indicate – the investigation is continuing and the final collection amount has yet to be determined. Until the investigation and collection effort is final, it will not be possible for the agency to ascertain the value of White & Case's information and cooperation or calculate the percentage of the collections that should be awarded as moiety.

Further, White & Case is not presumptively entitled to the maximum 25 percent of the recoveries made by Customs. Customs is afforded "substantial latitude in determining the quantum" of any award, which, by statute, may not exceed the lesser of 25 percent of the

recovery or $250,000 for any one case. Freed v. United States, 34 Fed. Cl. 715, 718 (1996) (emphasis added); 19 U.S.C. § 1619; 19 C.F.R. § 161.16(a). Here, because the investigation is continuing, it is not yet clear the total amount of money will be recovered, and therefore, Customs cannot properly evaluate the value of the information provided by White & Case as well as its cooperation.

Finally, even assuming White & Case is entitled to a partial moiety award, at most, it is entitled to $250,000 as an award for all of its claims because they all encompass one case. As a matter of law, all information that Customs eventually obtains pertaining to the specific importation violation investigated – either on its own or through the subsequent cooperation of White & Case – cannot give rise to a separate moiety "case" unless the information leads to an additional investigation. See 19 U.S.C. § 1619; Lacy v. United States, 607 F.2d 951, 954 (1979).

For these reasons, as more fully discussed below, the Government respectfully requests that the Court deny White & Case's request for leave to file a response to the Government's declarations, and further deny its request that the Court issue summary judgment upon the Court's own motion in White & Case's favor.

## STATEMENT OF THE ISSUES

1. Whether White & Case's motion for the Court to grant summary judgment on the Court's own motion is ripe where Customs' investigation is continuing and the agency has yet to determine the final collection amount.

2. Whether White & Case is entitled to 25 percent of the Government's recovery, despite the fact that Customs has not completed its investigation and evaluated the value of the information provided by White & Case.

3. Whether the moiety claims submitted by White & Case encompass one case.

STATEMENT OF THE FACTS[1]

In February 2008, pursuant to this Court's order, the Government filed three declarations containing updated information on the status of collections being conducted by Customs. The declarations address three different parts of the collection activities – the investigative/court process side (Joseph Hirtz), the fines, penalties and forfeitures process (Yvonne Hagans), and the duty collections process (Bruce Ingalls). Each declaration indicates that the collections process is continuing and has not yet been completed.

According to Ms. Hagans, the Chief of the Commercial Seizures and Penalties Branch, "[Customs] has up to six years from the date liquidated damages are due to pursue a claim for liquidated damages. The latest date of liquidation for the referenced entries is 10/24/03, which means the last statute of limitations to file an action for liquidated damages will run in 2009 unless a statute of limitations waiver is obtained from the importer." Hagans Decl. ¶ 6. Similarly, Mr. Hirtz, the National Antidumping and Countervailing Duty Program Manager of the Commercial Fraud Investigations and Intellectual Property Rights Center Unit, stated that "the investigation of antidumping violations from China by [Immigration and Customs Enforcement] continues to be an ongoing enforcement action." Hirtz Decl. ¶ 5.[2]

Ms. Hagans is also "aware of $575,000 that is related to a criminal case in Chicago." Hagans Decl. at ¶ 7. According to Ms. Hagans, "[t]he money is currently in a suspense account

---

1 Because the underlying facts in this case have been exhaustively briefed in previous filings with the Court, the Government states only the facts relevant to the present motion for leave.

2 Mr. Ingalls' declaration stated that his office – the Office of Finance, which "processes the collection of duty bills" – has received $107,673.49 as duties or interest. Ingalls Decl. at ¶ 3 and Att. Mr. Ingalls and the Office of Finance are not involved in resolving liquidated damages, fines, penalties, or forfeitures. Id. at ¶ 4.

pending the entry of a final order of forfeiture . . . ." Id.

Mr. Hirtz noted that "there has been one criminal plea agreement/sentencing that has resulted in a $575,000 forfeiture of funds or collection of fines related to antidumping cases involving Chinese manufactured brake rotors." Id. at ¶ 5. The collected funds were turned over to Customs for deposit in the forfeiture fund. Id. According to Mr. Hirtz, a second criminal sentencing action was scheduled for January 30, 2008, with a $575,000 forfeiture anticipated. Id.

White & Case responded to the declarations by filing the instant motion. White & Case asserts that because "[the] declarations reveal that the government has collected two separate monetary forfeitures of $575,000 in its brake rotors investigation, for a total of $1.15 million," White & Case is entitled to $287,500 as informant's compensation. Pl. Br. at 1.

## ARGUMENT

### I. Plaintiff's Proposed Motion For The Court To Grant Summary Judgment On The Court's Motion Is Not Ripe For Review Because All Elements For A Moiety Decision Are Not Present

White & Case prematurely asserts that the Court, on the Court's own motion, should declare prematurely that White & Case is entitled to 25 percent of the forfeited monies collected in two criminal matters. For reasons unknown to the Government and not apparent from the face of its motion, White & Case has not requested that the Court rule upon its pending motion, or filed an amended or restated motion for summary judgment. Despite this procedural peculiarity, because the agency has not completed processing White & Case's claims, the Court should not override the agency's moiety process and order any award.

As we demonstrated previously in our motion to dismiss, one factor in determining if a claim is ripe is whether there has been "final agency action." Toilet Goods Ass'n, Inc. v.

Gardner, 387 U.S. 158, 162 (1967). The situation White & Case presents here is precisely what the ripeness doctrine seeks to avoid:

> [i]ts basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements ..., and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

Abbott Laboratories v. Gardner, 387 U.S. 136, 148 (1967) (emphasis added), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977); see also Federal Trade Comm'n v. Standard Oil Co., 449 U.S. 232, 239-46 (1980) (determining that agency's issuance of complaint averring reason to believe violation of law is not "final agency action"); U.S. Ass'n of Importers of Textiles and Apparel v. Department of Commerce, 413 F.3d 1344, 1349-50 (Fed. Cir. 2005) (concluding that "CITA's decision whether to suggest that consultations be requested . . . is more analogous to the 'threshold determination' warranting further investigation" rather than a final agency action).

Here, there is no final decision of the agency for the Court to review. Even if White & Case's recent factual allegations regarding the criminal cases are true, White & Case has not yet qualified for moiety. To qualify for moiety, White & Case must demonstrate to the agency that it has satisfied three legal criteria: (1) it has provided "original information;" (2) the "original information" concerned a violation of customs laws; and (3) the "original information" has lead to the recovery of a "fine, penalty, or forfeiture of property" by Customs. See 19 U.S.C. § 1619; Doe v. United States, 100 F.3d 1576, 1582 (Fed. Cir. 1996). If these three criteria are satisfied, Customs processes the moiety claim and determines the percentage of the award based on the total value of the information. See November 14, 2005 Opinion Concerning Number Of Moiety Cases Involved In White & Case's Moiety Claim at 5 ("Nov. 14, 2005 Opinion").

On November 14, 2005, Customs concluded that "White & Case provided original information to the agency that triggered a five-port investigation by [Customs] pertaining to a scheme by a group of eight principal importers to avoid antidumping duty on brake rotors from the People's Republic of China." Nov. 14, 2005 Opinion at 1. Based upon the continuing nature of the investigation, however, Customs could not determine a final antidumping duty collection amount, or the full percentage of any collection amount to be applied to White & Case as a moiety award. Id.

The Government's recent declarations support the continuing validity of the November 14, 2005 Opinion. As Ms. Hagans states, "[Customs] has up to six years from the date liquidated damages are due to pursue a claim for liquidated damages. The latest date of liquidation for the referenced entries is 10/24/03 . . . ." Hagans Decl. ¶ 6. Mr. Hirtz similarly states that "the investigation of antidumping violations from China by [Immigration and Customs Enforcement] continues to be an ongoing enforcement action." Hirtz Decl. ¶ 5. White & Case itself concedes that a final recovery amount has not been ascertained. See Pl. Br. at 11 ("[I]t is not possible to determine the 'net worth so recovered' for the remaining entries identified in the Complaint."). Thus, until the investigation and collection effort is completed, it is simply not possible to ascertain the value of White & Case's information and cooperation.

Further, as a practical matter, if the Court grants White & Case's motion, it would set precedent that partial moiety awards be permitted in this case with respect to the remaining counts. This would create an inefficient and potentially inaccurate multi-tier recovery system for Customs and the Court.

## II. White & Case Is Not Automatically Entitled To 25 Percent Of The Government's Recoveries

Customs is afforded "substantial latitude in determining the quantum" of any award, which, by statute, may not exceed 25 percent of the recovery. Freed v. United States, 34 Fed. Cl. 715, 718 (1996); 19 U.S.C. § 1619. Pursuant to the implementing regulation, the "amount of the award paid to informants shall not exceed $250,000 for any one case, regardless of the number of recoveries that result from the information furnished." 19 C.F.R. § 161.16(a) (emphasis added). Congress specifically permits Customs to determine a percentage of recovery, up to 25 percent. See H.R. Rep. No. 794, 99th Cong., 2d Sess. 16-17 (1986) ("The amendment would permit an award in a lesser amount up to the 25 percent/$250,000 maximum depending on the information provided. . . . The award is only payable after the government has made a recovery based on the information . . . ." (emphasis added)).

Here, as discussed above, Customs' investigation and collection effort is continuing. As Customs stated in the November 14, 2005 Opinion, "[d]ue to the continuing nature of the agency's five-port investigation . . . , it is not yet clear what amount of money, if any, will be recovered as a result of the remaining elements of the investigation." Nov. 14, 2005 Opinion at 5. The recently filed declarations indicate that the investigation and collection effort remains continuing. Further, contrary to White & Case's allegation that Customs has collected $1.15 million, the declarations only indicate that Customs has collected $575,000, and that a $575,000 forfeiture is anticipated. Hirtz Decl. at ¶ 5. For these reasons, until Customs completes its investigation and collection effort, it cannot properly evaluate the value of White & Case's information and cooperation in order to determine the quantum of any award.

III. At Most, White & Case Is Entitled To $250,000 Because Its Moiety Claims Encompass One Case

Even assuming White & Case is entitled to a partial moiety award, at most, White & Case would be entitled to $250,000 as an award for all of its claims – not $287,500 – because the moiety claims submitted by White & Case encompass one case. Although this issue has already been extensively briefed by the parties and remains pending before the Court, because White & Case insists, without citation to any support, that "the $250,000 statutory cap 'for any case' is not implicated," Pl. Br. at 11, a brief demonstration of the error in White & Case's assumption is merited.[3]

Entitlement to a moiety is based upon the provision of original information that leads to the initiation of an investigation, and the information so given must lead to a recovery of the duties, or of a fine, penalty, or forfeiture. Lacy, 607 F.2d at 953-54; Tyson v. United States, 32 F. Supp. 135, 136 (Ct. Cl. 1940). If the information is not the first information provided concerning the fraud or violation, however, or if the information does not lead to a recovery of duties, or a fine, penalty, or forfeiture, the informer is not entitled to a fee. Tyson, 32 F. Supp. at 136. Further, only "original information" that leads to the initiation of an investigation can trigger entitlement to a moiety. Lacy, 607 F.2d at 954. "By use of the term 'original,' Congress meant to preclude successive rewards from being doled out after an investigation had been initiated and thereby discourage informers from giving out information on a piecemeal basis." Id. (citing Cornman v. United States, 409 F.2d 230 (Ct. Cl. 1969)).

The Court of Claims decision in Cornman v. United States, 409 F.2d 230 (Ct. Cl. 1969),

3 These arguments are more thoroughly discussed in Defendant's Response to Plaintiff's Motion For Partial Summary Judgment, Cross-Motion for Judgment Upon the Administrative Record, and Renewed Motion to Dismiss filed with the Court on April 3, 2006.

establishes that each valid moiety claim or case must be based upon original information that leads to the initiation of a particular investigation for it to meet the requirements of section 1619. The holding in Cornman defeats White & Case's assumption that this case involves more than one "case."

In Cornman, the court was presented with a moiety claim involving multiple fraudulent entries of 19 separate Japanese steel importers. Cornman, 409 F.2d at 231-32. The court held that the importation violations all involved the same statute, 19 U.S.C. § 1592, and ultimately treated Mr. Cornman's moiety claim as involving "one case" based upon his provision of information to Customs that led to its investigation. In so holding, the Cornman court rejected Mr. Cornman's argument that separate moiety claims were generated based upon the number of seizures effectuated by Customs. Id.

In directly rejecting Mr. Cornman's contention that each successive seizure should be treated as a separate moiety case – which is precisely what White & Case urges the Court to do here – the Court of Claims noted that Mr. Cornman's interpretation of section 1619:

> carried to its logical extreme . . . could require breaking down the violations of each company into each separate shipment, or, short of that, could allow each economic unit to be treated separately but require parentsubsidiary groups to be considered as single units for purposes of the statue.

Cornman, 409 F.2d at 234.

The Court of Claims further rejected Mr. Cornman's contention that to focus upon the information provided would ultimately lead to informants doling out information on a piecemeal basis in order to obtain maximum compensation. According to the Court of Claims, in focusing solely upon the information provided:

> [Mr. Cornman] ignores the word 'original,' however, which must

> be read in conjunction with the 'information' furnished. As the Government points out, had plaintiff leaked his information on a piecemeal basis, the Treasury might well have ruled on plaintiff's second disclosure and demand for compensation that since plaintiff's information involved the same thing – false invoicing practices in violation of 19 U.S.C. § 1592 – his information was no longer 'original' after the first disclosure.

Cornman, 409 F.2d 234.

Here, as Customs concluded in its November 14, 2005 Opinion, White & Case's moiety claims constitute only one case "because the New York moiety claim contains each of the entries listed in the Long Beach moiety claim, and involve the same information that was provided about one ongoing scheme involving the same commodity, the same type of fraud, a small number of importers, exported from the same country, during a defined time period." Nov. 14, 2005 Opinion at 1. White & Case's overly narrow focus upon the information furnished ignores the requirement that the information be "original" in order to trigger entitlement to a moiety in any individual case. As noted in its November 14, 2005 Opinion, Customs' investigation of the continuing brake rotor scheme was initiated as a result of White & Case's original information. Id. at 1-3. Therefore, as a matter of law, all information that Customs eventually obtains pertaining to the specific importation violation investigated – either on its own or through the subsequent cooperation of White & Case – cannot give rise to a separate moiety "case" unless the information leads to an additional investigation. See 19 U.S.C. § 1619; Lacy, 607 F.2d at 954. Accordingly, White & Case impermissibly seeks to circumvent the plain and clear monetary limitations of section 1619 by arguing that its information covers 98 separate moiety "cases."

Finally, even assuming White & Case's claim is ripe, a decision of Customs upon a claim for moiety, pursuant to 19 U.S.C. § 1619, must be upheld unless it is arbitrary, capricious, an

abuse of discretion, otherwise not in accordance with law, procedurally defective, or unsupported by evidence in the record. Doe v. United States, 100 F.3d 1576, 1583 (Fed. Cir. 1996). Pursuant to this standard, the Court is not empowered to substitute its judgment for that of the agency. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971); Cube Corp. v. United States, 46 Fed. Cl. 368, 374 (2000). Here, as demonstrated in our previous briefs with the Court, Customs' November 14, 2005 Opinion that White & Case's moiety claim covers one investigation and one case is not arbitrary, capricious, or otherwise not in accordance with law.

## CONCLUSION

For these reasons, we respectfully request that the Court deny White & Case's request for leave to file a response to the Government's declarations, and deny its request that the Court grant summary judgment sua sponte in its favor.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Sean M. Dunn
SEAN DUNN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0883
Fax: (202) 353-7988

Attorneys for Defendant

April 7, 2008

**CERTIFICATE OF FILING**

I hereby certify that on this 7th day of April, 2008, a copy of the foregoing "Defendant's Opposition To Plaintiff's Motion For Leave To File A Response To The Declarations Of Bruce Ingalls, Joseph Hirtz, And Yvonne Hagans" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sean M. Dunn