IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WHITE & CASE LLP,<br>*Plaintiff,*<br>v.<br>THE UNITED STATES,<br>*Defendant.* | No. 03-2800C<br>(Judge Wolski) |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE**
**TO THE COURT'S ORDER OF JULY 17, 2008**

**WHITE & CASE LLP**

Lucius B. Lau
701 Thirteenth St., N.W.
Washington, D.C. 20005
tel.: (202) 626-3600
fax: (202) 639-9355

August 14, 2008

*Counsel to White & Case LLP*

# TABLE OF CONTENTS

**Page**


I. Question 1: Under The Prudential Ripeness Doctrine, Do Any Of The "Cases" Consist of Fully-Liquidated Claims, Such That The "Case" Is Ripe For A Court Determination Of The Award To Which Plaintiff Is Entitled? ....................... 1

II. Question 2: Are There Any Regulations Or Policies Governing The Amount Of Time That Customs Has To Issue A Final Moiety Decision Or How The Size Of Awards Shall Be Determined? ....................... 2

III. Question 3: What Are The Consequences Of An Award For A Particular Case If Customs Subsequently Collects Additional Duties, Fines, Penalties, Or Forfeitures? ....................... 2

IV. Question 4: Is A Remand Warranted Or Should The Court Order An Accounting To Consider Other Factors That Might Bear Upon The Number Of Cases? ....................... 4

V. Question 5: Are There Any Statutes That Are Money-Mandating For Purposes Of The Tucker Act, Yet Leave To The Executive Branch Discretion In Determining The Amount Of Money To Be Paid Under Them? ....................... 6

# TABLE OF AUTHORITIES

**CASES** **Page**

*Cornman v. United States*,
409 F.2d 230 (Ct. Cl. 1969) ........................................ 2, 4, 5

*White & Case LLP v. United States*,
67 Fed. Cl. 164 (2005) ........................................ 1, 5

**STATUTES**

19 U.S.C. § 1619 ........................................ 1, 2

**OTHER AUTHORITIES**

24 Comp. Treas. 17 ........................................ 5

Plaintiff, White & Case LLP ("White & Case"), hereby provides its supplemental brief in response to the five questions contained in the Court's order of July 17, 2008.

## I. Question 1: Under The Prudential Ripeness Doctrine, Do Any Of The "Cases" Consist of Fully-Liquidated Claims, Such That The "Case" Is Ripe For A Court Determination Of The Award To Which Plaintiff Is Entitled?

In *White & Case LLP v. United States*, 67 Fed. Cl. 164, 173 (2005), the Court explained that "for a moiety claim to be ripe Customs must have made recoveries on the information provided."

In its order of July 17, 2008, the Court directed the parties to assume that it would find 11 categories of cases. Using this assumption, there have been recoveries in two of the categories identified by the Court: Category 2 and Category 3. With respect to Category 2, recoveries have been made with respect to entries associated with Counts 9, 15, 16, 17, 70, 71, 72, 73, and 76 of the Complaint. With respect to Category 3, recoveries have been made with respect to entries associated with Counts 79, 80, 81, 82, and 94 of the Complaint. These recoveries total $1.15 million and are associated with criminal proceedings commenced by the United States against Shih-Ming Shiue and I-Hwa Shiue. Thus, this matter is ripe for an award.

It should be noted, however, that the phrase "fully liquidated" does not appear in the statute. Rather, in relevant part, the statute authorizes an award of compensation if a person provides original information concerning fraud or violation of the customs laws and that original information leads to a recovery of "any" duties withheld or "any" fine, penalty, or forfeiture of property incurred. 19 U.S.C. § 1619. As it has done in the past, the government may well argue that the Court cannot award a moiety until there are "fully" liquidated claims and that "fully" liquidated claims will not exist until the government completes its investigation. Such a position, however, cannot be reconciled with the plain meaning of the statute, which authorizes an award of compensation if there has been a recovery of "any" duties withheld or "any" fine, penalty, or

forfeiture of property incurred. Such a position would also eviscerate the money-mandating nature of 19 U.S.C. § 1619 because the government could keep its investigations open in perpetuity so that no claim would ever be "fully liquidated."

## II. Question 2: Are There Any Regulations Or Policies Governing The Amount Of Time That Customs Has To Issue A Final Moiety Decision Or How The Size Of Awards Shall Be Determined?

We are aware of no regulations or policies governing the time that Customs has to issue a final moiety decision or how the size of awards shall be determined.

## III. Question 3: What Are The Consequences Of An Award For A Particular Case If Customs Subsequently Collects Additional Duties, Fines, Penalties, Or Forfeitures?

In *Cornman v. United States*, 409 F.2d 230, 232 (Ct. Cl. 1969), the Court relied upon a 1917 decision issued by Walter W. Warwick, the then-Comptroller of the Treasury, for purposes of determining the meaning of the term "case." As explained by Comptroller Warwick (and quoted by the *Cornman* Court), "the term 'in any case' has reference to the ***total payment*** for the service rendered, regardless of the number and value of the recoveries effected thereunder" (emphasis added). This appears to suggest that an informant receives one payment per case. Because the government still has open investigations that may increase the award to White & Case for certain cases, White & Case agrees to defer receipt of an award for the time being. White & Case will inform the Court in the future if its position changes and encourages the Court to continue to require the government to provide periodic updates about the status of its collection efforts.

With all due respect, however, White & Case takes issue with the Court's current assessment that this case involves only 11 "cases." Although the Court appreciates the fact that *Cornman* "rested on a Comptroller of the Treasury decision which considered the 'concrete case'

of 'information given at one time by an informer'" (Order of July 17, 2008 at 1), it misapplies this standard to the information provided by White & Case.

- With respect to Category 1 (consisting of Counts 1 and 2 of the Complaint), White & Case provided information concerning separate fraudulent activity by the importer in question (*i.e.*, fraudulent activity with respect to two separate entries). *See* Plaintiff's Statement of Facts Pursuant To Rule 56.1(B)(1) ("Plaintiff's Statement"), dated January 19, 2006, at ¶¶ 9-10;
- With respect to Category 2 (consisting of Counts 9-19, 21-23, 27, 31-32, 34, 62-66, 70-76, and 95 of the Complaint), Customs simply would not have uncovered the fraud based on the "VB" coding system itself, as evidenced by the fact that Customs asked White & Case to verify many of these invoices. Each separate verification done by White & Case constitutes new original information within the meaning of the statute. *See, e.g.*, Plaintiff's Statement ¶¶ 21-29;
- With respect to Category 3 (consisting of Counts 20, 24, 26, 28, 30, 33, 49-54, 56-60, 77 – 94, 96-98), it is also not the case that Customs would have uncovered the fraud based upon the lists provided on November 11, 1999, as evidenced by the fact that Customs asked White & Case to verify many of these invoices. *See, e.g.*, Plaintiff's Statement ¶¶ 30, 34, 26, 38;
- We agree that Category 4 consists of Count 67;
- We agree that Category 5 consists of Count 3;
- With respect to Category 6 (consisting of Counts 4-6 of the Complaint), White & Case provided information concerning separate fraudulent activity (*i.e.*, fraudulent activity with respect to three invoices). *See* Plaintiff's Statement ¶¶ 13-15;

- With respect to Category 7 (consisting of Counts 7-8 of the Complaint), White & Case provided information concerning separate fraudulent activity (*i.e.*, fraudulent activity with respect to two invoices). *See* Plaintiff's Statement ¶¶ 16-17;
- We agree that Category 8 consists of Count 25;
- With respect to Category 9 (consisting of Counts 29, and 33-48 of the Complaint), the information provided reflects several cases as evidenced by the fact that Customs asked White & Case to verify all of these invoices. *See, e.g.*, Plaintiff's Statement ¶¶ 39, 43-58.
- With respect to Category 10 (consisting of Counts 55 and 61 of the Complaint), the information provided reflects two cases as evidenced by the fact that Customs asked White & Case to verify both of these invoices. *See, e.g.*, Plaintiff's Statement ¶¶ 65, 71.
- With respect to Category 11 (consisting of Counts 68 and 69 of the Complaint), the information provided reflects two cases as evidenced by the fact that Customs asked White & Case to verify both of these invoices. *See, e.g.*, Plaintiff's Statement ¶¶ 78, 79.

## IV. Question 4: Is A Remand Warranted Or Should The Court Order An Accounting To Consider Other Factors That Might Bear Upon The Number Of Cases?

By this question, the Court inquires whether a remand or an accounting is appropriate to determine whether factors other than the time at which information was provided should be considered in determining the number of cases involved. As an example, the Court notes that the identity of the importer might be relevant to this determination.

Based upon the Court of Claims' decision in *Cornman v. United States*, 409 F.2d 230 (1969), we believe that other factors such as the identity of the importer may not be considered when determining the number of cases involved. Again referring to Comptroller Warwick's decision, the *Cornman* Court stated that "the term 'in any case' had reference to the information furnished, rather than to the recoveries." 409 F.2d at 232. Applied to the facts of this case, the

Court should focus on the information supplied by White & Case to determine each "case" rather than the recoveries that Customs obtained as a result of that information. Adhering to *Cornman* means that multiple recoveries by Customs from multiple importers would not increase the number of "cases" at issue here. At the same time, adhering to *Cornman* means that the Court should appreciate the information actually supplied by White & Case.

It bears repeating that the "original information" supplied by White & Case in 86 of the counts of the Complaint was a verification of invoices done in response to specific requests made by Customs. This verification was a service done by White & Case. *See Cornman*, 409 F.2d at 232 ("the term 'in any case' has reference to the total payment for the ***service*** rendered . . . .") (quoting 24 Comp. Treas. 17) (emphasis added). The government has never explained how Customs would have discovered "all of the specific violations absent the specific provision of information relating to them." *White & Case*, 67 Fed. Cl. at 176. Customs already had one opportunity to explain its reasoning on this issue — despite that opportunity, it utterly ignored the Court's question. Nor did Customs explain how it would have discovered the violations with respect to the remaining counts of the Complaint without the assistance of White & Case. Thus, the Court should assume that White & Case's "various acts of providing information" (67 Fed. Cl. at 176) constitute 98 separate "cases."

Because Customs' longstanding practice, approved by *Cornman*, has been to focus on the information provided by the informant to determine the number of cases (not the recoveries that flow from that information), the Court should not order a remand or an accounting to consider whether other factors should be considered in determining the number of cases.

**V. Question 5: Are There Any Statutes That Are Money-Mandating For Purposes Of The Tucker Act, Yet Leave To The Executive Branch Discretion In Determining The Amount Of Money To Be Paid Under Them?**

We are aware of no statute that is money-mandating for purposes of the Tucker Act, yet leave to the Executive Branch discretion in determining the amount of money to be paid under such statute.

Dated: August 14, 2008

Respectfully submitted,

WHITE & CASE LLP

By: ____________________

Lucius B. Lau
701 Thirteenth St., N.W.
Washington, D.C. 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to White & Case LLP*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of "PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S ORDER OF JULY 17, 2008" was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Lucius B. Lau