IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WHITE & CASE LLP,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

No. 03-2800C
(Judge Wolski)

# PLAINTIFF'S RESPONSE TO THE DEFENDANT'S BRIEF OF AUGUST 13, 2008

WHITE & CASE LLP

Lucius B. Lau
701 Thirteenth St., N.W.
Washington, D.C. 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to White & Case LLP*

August 26, 2008

# TABLE OF CONTENTS

Page

I. This Matter Is Ripe For Review .......... 1

II. This Matter Consists Of 98 Cases, Not 1 Case .......... 2

III. The Five Questions Contained In The Court's Order Of July 17, 2008 .......... 2

A. Question 1: Under The Prudential Ripeness Doctrine, Do Any Of The "Cases" Consist of Fully-Liquidated Claims, Such That The "Case" Is Ripe For A Court Determination Of The Award To Which Plaintiff Is Entitled? .......... 2

B. Question 2: Are There Any Regulations Or Policies Governing The Amount Of Time That Customs Has To Issue A Final Moiety Decision Or How The Size Of Awards Shall Be Determined? .......... 3

C. Question 3: What Are The Consequences Of An Award For A Particular Case If Customs Subsequently Collects Additional Duties, Fines, Penalties, Or Forfeitures? .......... 3

D. Question 4: Is A Remand Warranted Or Should The Court Order An Accounting To Consider Other Factors That Might Bear Upon The Number Of Cases? .......... 3

E. Question 5: Are There Any Statutes That Are Money-Mandating For Purposes Of The Tucker Act, Yet Leave To The Executive Branch Discretion In Determining The Amount Of Money To Be Paid Under Them? .......... 4

**TABLE OF AUTHORITIES**

**CASES** **Page**

*Cornman v. United States*,
409 F.2d 230 (Ct. Cl. 1969) ........................................ 3

*White & Case LLP v. United States*,
67 Fed. Cl. 164 (2005) ........................................ 1, 2

Plaintiff, White & Case LLP ("White & Case"), hereby provides its response to the defendant's brief of August 13, 2008.

**I. This Matter Is Ripe For Review**

Once again, the government argues that this matter is not ripe for review. *See* Gov't Br. at 1-3. According to the government, White & Case's request for informant's compensation is premature "because the agency has not completed processing White & Case's claim." Gov't Br. at 1. This argument, however, has already been made by the government and was rejected by the Court.

In *White & Case LLP v. United States*, 67 Fed. Cl. 164 (2005), the Court understood that the existence of recoveries was key to ripeness under the moiety statute. As stated by the Court, "for a moiety claim to be ripe Customs must have made recoveries on the information provided." *Id.* at 172. In the absence of recoveries, a ruling on a moiety claim would be either a declaratory judgment or an advisory opinion. Conversely, "if the plaintiff were able to demonstrate that some or all of its 'cases' — assuming the plaintiff has more than one 'case' — were fully liquidated, the Court finds the liquidated claims would be fit for this Court's review." *Id.* at 173; *see also id.* at 174 ("Given the length of time that the plaintiff has already waited — over five and one-half years — and the indefinite nature of Customs moiety determination process, if the plaintiff has fully liquidated claims that await a Customs moiety determination, the Court finds that any such case would be ripe for this Court's review."). The Court's reasoning was (and is) sound. There is no reason to reconsider this issue.

The relevant issue is not whether this matter is ripe for review — the government has undoubtedly made collections as a result of the original information provided by White & Case. Rather, the pertinent question is whether the Court should order an award of compensation for specific cases in light the possibility that the government might collect additional duties, fines,

penalties, or forfeitures with respect to those specific cases. In its supplemental brief of August 14, 2008, White & Case answered this question in the negative. The governing caselaw appears to suggest that an informant receives just one payment per case. *See generally* Plaintiff's Aug. 14, 2008 Br. at 2. Thus, White & Case agreed to defer receipt of an award (for the time being) due to the fact that the government has open investigations that may increase the award to White & Case for certain cases.

## II. This Matter Consists Of 98 Cases, Not 1 Case

With respect to the government's contention that this action consists of one case (Gov't Br. at 3-5), we direct the Court's attention to Plaintiff's Memorandum In Support Of Its Motion For Partial Summary Judgment Regarding the Number Of Cases Involved In Its Moiety Applications, dated January 19, 2006, where we demonstrated that this matter consists of 98 cases.

## III. The Five Questions Contained In The Court's Order Of July 17, 2008

### A. Question 1: Under The Prudential Ripeness Doctrine, Do Any Of The "Cases" Consist of Fully-Liquidated Claims, Such That The "Case" Is Ripe For A Court Determination Of The Award To Which Plaintiff Is Entitled?

As we demonstrated in our brief of August 14, 2008, this matter is ripe for an award because (1) "for a moiety claim to be ripe Customs must have made recoveries on the information provided" (*White & Case LLP v. United States*, 67 Fed. Cl. 164, 173 (2005)); and (2) recoveries have been made in two of the categories identified by the Court (*i.e.*, Categories 2 and 3). *See* Plaintiff's Aug. 14, 2008 Br. at 1.

In its brief, the government does not deny the fact that there have been recoveries in Categories 2 and 3. Rather, it makes the point that the entries in these categories "relate to open ICE investigations, which are awaiting the completion of legal action with the possibility of further investigation." Gov't Br. at 6.

Because White & Case has agreed to defer receipt of an award so that the government may collect additional duties, fines, penalties, and forfeitures, the Court need not determine whether the prudential ripeness doctrine is met here.

**B. Question 2: Are There Any Regulations Or Policies Governing The Amount Of Time That Customs Has To Issue A Final Moiety Decision Or How The Size Of Awards Shall Be Determined?**

As we explained in our brief of August 14, 2008, we are aware of no regulations or policies governing the time that Customs has to issue a final moiety decision or how the size of awards shall be determined. The government agrees. *See* Gov't Br. at 7 ("the regulations do not prescribe any time within which Customs must issue a final decision or governing how the size of the awards shall be determined").

**C. Question 3: What Are The Consequences Of An Award For A Particular Case If Customs Subsequently Collects Additional Duties, Fines, Penalties, Or Forfeitures?**

As we explained in our brief of August 14, 2008, the *Cornman* Court relied upon a 1917 decision issued by Walter W. Warwick, the then-Comptroller of the Treasury, who stated that "the term 'in any case' has reference to the ***total payment*** for the service rendered, regardless of the number and value of the recoveries effected thereunder." *See* Plaintiff's Aug. 14, 2008 Br. at 2 (quoting *Cornman v. United States*, 409 F.2d 230, 232 (Ct. Cl. 1969) (emphasis added). Again, in order to the maximize the per-case award it will receive, White & Case agrees to defer receipt of an award for the time being.

**D. Question 4: Is A Remand Warranted Or Should The Court Order An Accounting To Consider Other Factors That Might Bear Upon The Number Of Cases?**

Although supported by differing rationales, both White & Case and the government agree that a remand or accounting is not warranted.

**E. Question 5: Are There Any Statutes That Are Money-Mandating For Purposes Of The Tucker Act, Yet Leave To The Executive Branch Discretion In Determining The Amount Of Money To Be Paid Under Them?**

In our submission of August 14, 2008, we stated that we are not aware of any statute that is money-mandating for purposes of the Tucker Act, yet leave to the Executive Branch discretion in determining the amount of money to be paid under such statute.

In its submission, the government identifies several statutes that leave discretion to the Executive Branch to determine the amount of an award. The government further notes, however, that none of these statutes have been found by a court to be money-mandating and goes so far as to state that it does "not concede for purposes of this or any other litigation that such are money mandating." Gov't Br. at 13 & n.3.

In light of the government's statements, the Court should conclude that there are no statutes that are money-mandating for purposes of the Tucker Act, yet leave to the Executive Branch discretion to determine the amount of money to be paid under them.

Dated: August 26, 2008

Respectfully submitted,

WHITE & CASE LLP

By: ______________________

Lucius B. Lau
701 Thirteenth St., N.W.
Washington, D.C. 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to White & Case LLP*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of "PLAINTIFF'S RESPONSE TO THE DEFENDANT'S BRIEF OF AUGUST 13, 2008" was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Lucius B. Lau