IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITE & CASE LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2800C |
| | ) | (Judge Wolski) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF**

Defendant, the United States respectfully submits this response to the supplemental brief filed by plaintiff, White & Case LLP ("White & Case"), in response to the Court's July 17, 2008 order.

## I. Contrary To White & Case's Assertion, Only Two Alleged "Cases" Consist Of "Fully-Liquidated Claims" That Resulted In Recoveries

Although "recoveries" have been made in some of the proposed cases, only proposed cases nine and ten are "fully liquidated" (i.e., all possible collection actions have been completed and no further sums are owed or can be recovered).[1] While some counts within each of the proposed cases, including proposed cases two and three, have been "fully liquidated," some counts, as specified in the Declaration of Richard Wilson (Ex. 2), remain linked to open Immigration and Customs Enforcement ("ICE") investigations. Specifically, as ICE Special Agent Wilson states in his declaration, proposed Case Nos. 2, 3, 6, and 7 have associated open ICE investigations. Ex. 2 at ¶¶. The fact that an entry relating to a specific count has been

[1] As noted in our supplemental brief, for purposes of responding to the questions posed in the Court's July 17, 2008 order, we interpret "fully-liquidated" broadly to mean that all possible collections actions have been completed and no further sums are owed or can be recovered. This is distinguishable from the definition provided by 19 C.F.R. § 159.1, which specifically references duties, but does not include penalties, forfeitures, and other potential collections.

liquidated, as defined in 19 C.F.R. § 159.1, or even that certain monies have been collected based on actions taken regarding an entry, has no bearing on whether that count remains part of an open investigation and thus, is not "fully liquidated" for the instant purposes. United States Customs and Border Protection ("CBP") and ICE can collect money based on investigations and subsequent successful prosecutions, fines, penalties, forfeiture actions, liquidated damages, duty recoveries, and interest thereon. As such, while recoveries of a duty or fine may have been made with respect to certain counts, to assert that such recoveries result in "fully liquidating" the proposed case associated with that count is incorrect.

Additionally, White & Case incorrectly alleges that recoveries totaling $1.15 million associated with Cases 2 and 3 are ripe for an award.[2] As stated above, proposed cases two and three relate to open ICE investigations and, therefore, these cases are not fully-liquidated because it is not clear what recoveries will result, or when such recoveries will be paid.

White & Case also misinterprets the moiety statute by implying that any recovery automatically results in an award. Plaintiff's Supplemental Brief In Response To The Court's Order Of July 17, 2008, at 1 ("Plaintiff's Br."). In fact, the moiety statute permits a payment of up to 25 percent of any net recoveries by the Government, up to $250,000. 19 U.S.C. § 1619(a), (c). It is inherent that the pace and cadence of continuing investigations cannot be dictated by informants who harbor the mere expectation of a moiety award. Such a result would profoundly affect ICE's ability to utilize informants to initiate investigations.

---

[2] White & Case correctly states that Customs has received two payments of $575,000 with respect to Case Nos. 2 and 3. Second Supplemental Declaration of Joseph Hirtz, ¶ 5. There still remains an outstanding balance, however, of at least $350,000 in fines with respect to the cases associated with these payments.

Further, White & Case's current position that proposed cases two and three are ripe is inconsistent with the position it took in section III of its brief, which states that "[b]ecause the government still has open investigations that may increase the award to White & Case for certain cases, White & Case agrees to defer receipt of an award for the time being." Plaintiff's Br. at 2.

## II. This Matter Consists Of Only One Claim

As stated in our initial supplemental brief, we respectfully disagree with the Court's working assumption that this case consists of eleven moiety cases in total. For the same reasons, we disagree with White & Case's assertion that there are more than 11 cases. For the sake of brevity, however, we will not repeat those arguments already before the Court. Nor do we respond to the specific allegations made by White & Case relating to each "case" because that issue was not presented by the Court for supplemental briefing in its July 17, 2008 order. Plaintiff's Br. at 3-4. We reserve the right, however, to challenge these factual allegations when the Court deems it appropriate.

## III. Neither A Remand Nor An Accounting Is Appropriate

Although for different reasons, as explained in our initial supplemental brief, we concur with White & Case that neither a remand nor an accounting is necessary.

White & Case mischaracterizes the decision in Cornman v. United States, 409 F.2d 230 (Ct. Cl. 1969), as "focus[ing] on the information provided by the informant to determine the number of cases (not the recoveries that flow from that information." Plaintiff's Br. at 5. In fact, focusing on the information is only one step in determining eligibility to a moiety. The information must be original and lead to the initiation of an investigation, and the information so given must lead to a recovery of the duties, or of a fine, penalty, or forfeiture. Lacy v. United States, 607 F.2d 951, 953-54 (Ct. Cl. 1979), superseded on other grounds by statute, 19 U.S.C. §

1619 (1986); Tyson v. United States, 32 F. Supp. 135, 136 (Ct. Cl. 1940), superseded on other grounds by statute, 19 U.S.C. § 1619 (1986).

Here, as Customs concluded in its November 14, 2005 Opinion, White & Case's moiety claims constitute only one case "because the New York moiety claim contains each of the entries listed in the Long Beach moiety claim, and involve the same information that was provided about one ongoing scheme involving the same commodity, the same type of fraud, a small number of importers, exported from the same country, during a defined time period." Nov. 14, 2005 Opinion at 1.

**CONCLUSION**

For these reasons, we respectfully request that the Court enter judgment in favor of the United States.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/Sean M. Dunn
SEAN DUNN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0883
Fax: (202) 353-7988

Attorneys for Defendant

August 28, 2008

**CERTIFICATE OF FILING**

I hereby certify that on this 28th day of August, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sean M. Dunn